UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL INSURANCE CRIME BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>DESSIE RENEE WAGNER, et al.,<br><br>Defendants. | CASE NO. C19-0730JLR<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR INTERPLEADER |

## I. INTRODUCTION

Before the court are three motions: (1) Plaintiff National Insurance Crime Bureau's ("NICB") unopposed motion to be exempted from completing a joint status report (MJSR (Dkt. # 15)); (2) NICB's motion for interpleader and dismissal (MFI (Dkt. # 16)); and (3) Defendant Dessie Renee Wagner's motion to continue or to re-note NICB's motion for interpleader and dismissal (MTC (Dkt. # 17)). The court has considered the motions, the parties submissions filed in support of and in opposition to

the motions, the relevant portions of the record, and the applicable law.  Being fully advised,[1] the court DENIES NICB's motion to be exempted from completing a joint status report but grants NICB an extension of time to do so, DENIES Ms. Wagner's motion to continue or re-note NICB's motion for interpleader and dismissal, and GRANTS in part and DENIES in part NICB's motion for interpleader and dismissal.

## II. BACKGROUND

NICB filed its complaint for interpleader and declaratory relief on May 15, 2015. (Compl. (Dkt. # 1).)  NICB alleges decedent Scott Laverne Wagner and Ms. D.R. Wagner were married on July 26, 1996.  (*Id.* ¶ 12.)  Mr. Wagner was employed by NICB from February 1, 2003, through September 9, 2016.  (*Id.* ¶ 13.)  While Mr. Wagner was employed at NICB and while he was married to Ms. D.R. Wagner, he participated in NICB's Employee Savings Plan ("ESP").  (*Id.* ¶¶ 14-15.)  On February 3, 2003, Mr. Wagner designated Ms. D.R. Wagner as the primary beneficiary of his ESP.  (*Id.* ¶ 16.)  At the same time, Mr. Wagner designated his two adult sons, Defendant Joseph Scott Wagner and Defendant Andrew Wesley Wagner, as the contingent beneficiaries of his ESP, with a 50% designation to each.  (*Id.*)

On November 27, 2006, Mr. Wagner and Ms. D.R. Wagner's marriage was dissolved.  (*Id.* ¶ 17.)  NICB alleges, on information and belief, that Mr. Wagner and Ms. D.R. Wagner agreed, as a part of their dissolution proceedings, that Mr. Wagner would

//

---

[1] No party requests oral argument on any of the motions (*see* MJSR; MFI; MTC; MFI Resp. (Dkt. # 18); MTC Resp. (Dkt. # 19)), and the court does not consider oral argument helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

not pay any of his ESP benefits to Ms. D.R. Wagner and that Mr. Wagner would retain "all pensions, 401k, annuities, investment accounts, or other retirement accounts" in his name. (*Id.*) However, Mr. Wagner never updated his beneficiary designation form, and the February 3, 2003, form, described above, is the only one that exists. (*Id.* ¶ 18.)

On April 26, 2016, Mr. Wagner married Defendant Leslie Ann Wagner. (*Id.* ¶ 22.) During their marriage, Mr. Wagner participated in NICB's ESP. (*Id.* ¶ 23.) Mr. Wagner died on July 23, 2017, and as a result, his ESP benefits became payable. (*Id.* ¶¶ 19-20.) Ms. L.A. Wagner is the personal representative of Mr. Wagner's estate, and she admitted Mr. Wagner's estate to probate in Snohomish County Superior Court under cause number 17-4-0439-31. (*Id.* ¶ 24.)

NICB designated Fidelity Management Trust Company ("Fidelity") as the record-keeper and trustee of its ESP. (*Id.* ¶ 1.) On November 29, 2017, Fidelity sent Ms. L.A. Wagner a written request for a certified copy of Mr. Wagner's death certificate. (*Id.* ¶ 25.) On December 15, 2017, Fidelity sent Ms. L.A. Wagner a beneficiary claim form and requested that she obtain the necessary signatures on the form. (*Id.* ¶ 26.) Fidelity also requested a copy of the marriage certificate to determine Ms. L.A. Wagner's status as a potential beneficiary of Mr. Wagner's ESP. (*Id.*)

On or about March 26, 2018, non-party Kirsten Curtis, of the Neil Law Group, in Portland, Oregon, corresponded with Ms. D.R. Wagner regarding Mr. Wagner's ESP benefits. (*Id.* ¶ 27.) The letter that Ms. Curtis sent to Ms. D.R. Wagner asked Ms. D.R. Wagner to renounce and disclaim any interest in Mr. Wagner's ESP benefits based on Mr. Wagner and Ms. D.R. Wagner's dissolution decree. (*Id.* ¶ 28.) Ms. D.R. Wagner

signed the renunciation letter, dated it March 26, 2018, and returned it to NICB. (*Id.* ¶ 29.) However, she failed to have the letter notarized. (*Id.* ¶ 29.)

On August 27, 2018, NICB received a letter from the attorney for Mr. Wagner's estate and for Ms. L.A. Wagner, as the personal representative of Mr. Wagner's estate, demanding payment of Mr. Wagner's ESP benefits to his estate. (*Id.* ¶ 30.) NICB sent a letter to the attorney stating that NICB was concerned that the ESP benefits may be a non-probate asset. (*Id.* ¶ 31.) NICB also noted that, although Ms. D.R. Wagner had signed a waiver, her waiver was not notarized. (*Id.*)

The attorney for Mr. Wagner's estate and for Ms. L.A. Wagner, as the personal a representative of Mr. Wagner's estate, filed suit in Snohomish County Court for a ruling concerning the ESP benefits. (*See id.* ¶¶ 31-32.) On or about January 3, 2019, Ms. D.R. Wagner filed a motion to dismiss the action. (*Id.* ¶ 32.) On or about January 10, 2019, the Snohomish County Superior Court granted Ms. D.R. Wagner's motion, ruling that the "employee benefit retirement plan" was not an asset subject to probate. (*Id.* ¶ 33; *see also* MFI Resp. Ex. 4 (attaching a copy of order of dismissal, which does not state that grounds upon which the Snohomish County Superior Court granted the motion).) However, the Snohomish County Superior Court did not decide how Mr. Wagner's ESP benefits should be distributed. (*See id.* Ex. 2 (attaching email correspondence between counsel in which Ms. D.R. Wagner's counsel stated that he "assume[s] the [Snohomish County Superior] Court can summarily dismiss [the estate's and Ms. L.A. Wagner's lawsuit] on the merits, without having to decide whether the benefit proceeds belong to [Ms. D.R. Wagner] or her children").)

On January 12, 2019, NICB received a letter, via Fidelity, from Ms. D.R. Wagner enclosing a copy of the Snohomish County Superior Court's order and demanding payment of the ESP benefits to her. (*See id.* ¶ 34.) On January 25, 2019, NICB alerted Ms. D.R. Wagner that both she and Ms. L.A. Wagner had asserted right to Mr. Wagner's ESP benefits. (*Id.* ¶ 35.)

On or about April 19, 2019, Ms. D.R. Wagner sent an email to NICB requesting a summary plan description and the beneficiary distribution. (*Id.* ¶ 36.) NICB understood this and Ms. D.R. Wagner's previous correspondence to mean that Ms. D.R. Wagner believes that she is the sole beneficiary of Mr. Wagner's ESP benefits. (*Id.*) Due to the conflict between Ms. D.R. Wagner and Ms. L.A. Wagner, NICB corresponded separately with each of them. (*Id.*) NICB now understands that there may be conflicting claims between Ms. D.R. Wagner; Ms. L.A. Wagner; Mr. Wagner's estate; Ms. L.A. Wagner, as the personal representative of Mr. Wagner's estate; and Ms. D.R. Wagner's sons. (*Id.* ¶ 38.)

NICB states that it is merely a stakeholder and claims no beneficial interest in the Mr. Wagner's ESP benefits and that it is "ready and willing" to pay Mr. Wagner's ESP benefits to the individual legally entitled to them. (*Id.* ¶¶ 39-40.) NICB avers that it cannot pay Mr. Wagner's ESP benefits without assuming responsibility for determining questions of law and fact and without incurring the risk of being subject to costs and expenses in defending itself in a multiplicity of lawsuits or the possibility of multiple liabilities for the ESP benefits. (*Id.* ¶ 41.)

//

1 | On May 23, 2019, NICB filed proofs of service upon Mr. A.W. Wagner; Ms. L.A. Wagner; Ms. L.A. Wagner, as the personal representative of Mr. Wagner's estate; Mr. Wagner's estate; Mr. J.S. Wagner; and Ms. D.R. Wagner. (*See* Decls. of Serv. (Dkt. ## 3-8.) To date, Ms. D.R. Wagner is the only Defendant who has appeared through counsel or otherwise in this action. (Not. of App. (Dkt. # 10); *see generally* Dkt.) However, Ms. D.R. Wagner has not yet answered NICB's interpleader complaint. (*See generally* Dkt.)

On August 1, 2019, NICB filed a motion seeking exemption from completing a joint status report. (MJSR.) No party filed an opposition. (*See* Dkt.) On August 7, 2019, NICB filed a motion for interpleader. (*See* MFI.) Ms. D.R. Wagner opposes NICB's motion for interpleader. (*See* MFI Resp.) On August 19, 2019, Ms. D.R. Wagner filed a motion to continue or to re-note NICB's motion for interpleader. (*See* MTC.) NICB opposes Ms. D.R. Wagner's motion. (*See* MTC Resp.) The court now considers the parties' motions.

### III. ANALYSIS

**A.  Motion to be Exempt from the Joint Status Report**

On June 26, 2019, the court issued an order regarding (1) the production of Federal Rule of Civil Procedure 26(a)(1) initial disclosures, (2) the conduct of a Rule 26(f) conference, and (3) the filing of a combined joint status report and discovery plan. (6/26/19 Order (Dkt. # 13).) On August 1, 2019, NICB moved to be exempt from participating in the filing of a combined joint status report pending the outcome of its

//

anticipated motion for interpleader. (*See generally* MJSR.) No party filed a response to the motion. (*See generally* Dkt.)

Under the court's Local Rules, "if a party fails to file papers in opposition to a motion, [the court may consider] such failure . . . as an admission that the motion has merit." Local Rules W.D. Wash. LCR 7(b)(2). However, in this instance, the court nevertheless denies NICB's motion. As discussed below, Ms. D.R. Wagner intends to assert counterclaims against NICB. *See infra* ¶¶ III.C. Thus, despite its motion for interpleader, the court declines to dismiss NICB from the action as time. *See id*. Nevertheless, the court finds good cause to grant NICB an extension of the deadlines contained in its June 26, 2019, order as follows:

- Deadline for the Federal Rule of Civil Procedure 26(f) conference: 30 days following the filing of Ms. D.R. Wagner's answer and counterclaims to NICB's complaint;
- Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1): 45 days following the filing of Ms. D.R. Wagner's answer and counterclaims to NICB's complaint; and
- Combined Joint Status Report and Discovery Plan as Required by Federal Rule of Civil Procedure 26(f) and Local Civil rule 26(f): 52 days following the filing of Ms. D.R. Wagner's answer and counterclaims to NICB's complaint.

//

//

## B. Motion to Re-Note NICB's Motion of for a Continuance

On August 7, 2019, NICB filed its motion for interpleader and noted its motion on the court's calendar for the third Friday after filing. (*See* MFI); *see* Local Rules W.D. Wash. LCR 7(d)(3) (stating that "[w]ith the exception of motions specifically listed in LCR 7(d)(1), 7(d)(2), and 7(d)(3), all other motions shall be noted for consideration on a date no earlier than the third Friday after filing and service of the motion"). Ms. D.R. Wagner moved for a continuance of NICB's motion or to re-note it for the fourth Friday after filing and service. (*See* MTC.) As discussed below, the court denies Ms. D.R. Wagner's motion.

Under Local Civil Rule 7(d)(3), the moving party is required to note dispositive motions—such as motions to dismiss and for summary judgment—"for consideration on a date no earlier than the fourth Friday after filing and service of the motion." Local Rules W.D. Wash. LCR 7(d)(3). The moving party is required to note other motions—ones not specifically listed in other parts of Local Civil Rule 7(d)—"on a date no earlier than the third Friday after filing and service of the motion." *Id.* Ms. D.R. Wagner argues that the court should re-note NICB's motion for the fourth Friday after filing because "it is partially dispositive of this action." (MTC at 1.) Ms. D.R. Wagner argues that depositing the money contained in Mr. Wagner's ESP benefits in the registry of the court "would result in a taxable event from the liquidation of tax-deferred employee benefit funds." (*Id.* at 2.)

The court disagrees. Interpleader "is merely a procedural device," *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1382 (9th Cir. 1988),

and is "not intended to alter substantive rights," *Reliance Nat. Ins. Co. v. Great Lakes Aviation, Ltd.*, 430 F.3d 412, 415-16 (7th Cir. 2005) (citing *Sanders v. Armour Fertilizer Works*, 292 U.S. 190, 200 (1934); *Avant Petroleum, Inc. v. Banque Paribas*, 853 F.2d 140, 143 (2d Cir. 1988)). Indeed, "[t]he procedural device of interpleader allows a stakeholder effectively to avoid a dispute with the claimants while the court determines the proper allocation of the disputed fund." *Cleverley v. Ballantyne*, No. 2:12-CV-00444-GWF, 2014 WL 2526959, at *2 (D. Nev. June 4, 2014) (citing *Knights of Columbus v. Virginia Trust*, 2012 WL 7784585, *5 (D. Nev. 2012); *Tittle v. Enron Corp.*, 463 F.3d 410, 423 (5th Cir. 2006)). Thus, the court does not consider a motion for interpleader to be a "dispositive motion" governed by the fourth Friday noting rule. *See* Local Rules W.D. Wash. LCR 7(d)(3).

Second, as discussed below, under Rule 22 interpleader, the party seeking interpleader does not need to deposit the funds at issue in the court registry. *See supra* § III.C; *see also* Fed. R. Civ. P. 22. The court has discretion to allow the plaintiff to retain the funds at issue subject to the court's orders. *Premera Blue Cross v. Winz*, No. 2:17-cv-695-BAT, 2017 WL 6451802, at *3 (W.D. Wash. Dec. 18, 2018). Thus, Ms. D.R. Wagner need not be concerned that granting NICB's motion will result in a taxable event. Accordingly, the court finds that NICB's motion for interpleader is not "partially dispositive" as asserted by Ms. D.R. Wagner, and therefore, NICB properly noted its motion for interpleader on the third Friday after filing and service. *See* Local Rules W.D. Wash. LCR 7(d)(3).

//

1 | Ms. D.R. Wagner also seeks an extension of time to respond to NICB's interpleader motion due to serious health issues related to her counsel's child. (*See* MTC at 3.) The court denies this aspect of Ms. D.R. Wagner's motion as moot. First, Ms. D.R. Wagner did file a response to NICB's motion on August 19, 2019. (*See* MFI Resp.) Further, the court infers that the health crisis described in August 2019, has passed because counsel had sufficient time and wherewithal to file a new action on behalf of a different client in this court on September 26, 2019. *See Jenkins v. Puckett and Redford PLLC*, No. C19-1550BJR, W.D. Wash., Compl. (Dkt. # 1). If counsel had sufficient wherewithal to begin representation of another client in separate matter, then the court considers counsel to have sufficient wherewithal to attend to this preexisting litigation as well. Based on the foregoing, the court denies Ms. D.R. Wagner's motion to re-note or to continue NICB's motion for interpleader.

**C.     Motion for Interpleader**

The "primary purpose" of an interpleader action is to protect disinterested stakeholders from multiple liability and the expense of several lawsuits. *See Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000). Thus, the disinterested stakeholder is permitted to bring a lawsuit against all parties asserting adverse or conflicting claims to the same funds and require those parties to litigate who is entitled to the funds. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1265 (9th Cir. 1992).

//

//

//

An interpleader action may be brought either under 28 U.S.C. § 1335 or Federal Rule of Civil Procedure 22.[2] *See, e.g.*, *Morongo Band of Mission Indians*, 858 F.2d at 1381-82. Here, NICB brings its motion for interpleader under Rule 22. (*See* MFI at 2; *see* Compl. ¶ 44.[3]) Under Rule 22, "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1). If the interpleader action is brought under Rule 22, the court may dismiss the stakeholder subject to disposition of the property in the manner directed by the court. *Gelfgren*, 680 F.2d at 81-82. Interpleader is proper when a disinterested stakeholder has at least a good faith belief that there are present or prospective colorable competing claims to the stake. *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 884, 899 (9th Cir. 2012); *N.Y. Life Ins. Co. v. Powell*, No. 12-cv-5184-RBL, 2012 WL 4868008, at *2 (W.D. Wash. Oct. 12, 2012).

//

//

---

[2] If, as here, the disinterested stakeholder brings its action under Rule 22, the stakeholder must establish that there is an independent basis for federal jurisdiction. *Morongo Band of Mission Indians*, 858 F.2d at 1382; *Gelfgren v. Republic Nat'l Life Ins. Co.*, 680 F.2d 79, 81 (9th Cir. 1982) (stating that "for the interpleader to be proper under [R]ule 22[(a)](1) it must be within some statutory grant of jurisdiction"). Here, NICB properly alleges that court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because the action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), which is a federal statute. (*See* Compl. ¶ 9); *see Winz*, 2017 WL 6451802, at *3 (concluding that the court had subject matter jurisdiction over the interpleader action because the plans at issue were governed by ERISA).

[3] In its complaint, NICB pleads, in the alternative, that the court should order Defendants joined and interpleaded under 28 U.S.C. § 1335. (Compl. ¶ 44.) Because the court determines that interpleader is appropriate under Rule 22, the court need not analyze NICB's request for interpleader under 28 U.S.C. § 1335.

There are two steps to an interpleader action. *Lincoln Nat'l Life Ins. Co. v. Ridgway*, 293 F. Supp. 3d 1254, 1260 (W.D. Wash. 2018). The first is to determine whether the requirements of interpleader are met. *Id.* The second is to adjudicate the adverse claims of the defendant claimants. *Id.* "Once the adverse parties are interpleaded to a single fund, disinterested stakeholders may be dismissed, and courts may issue injunctions to protect stakeholders from duplicative litigation from the adverse parties." *N.Y. Life Ins. Co. v. Bostwick*, No. 3:14-cv-05931-RJB, 2015 WL 4484305, at *2 (W.D. Wash. July 22, 2015).

However, a district court may delay or deny the discharge of the stakeholder if there are "serious charges that the stakeholder commenced the action in bad faith." *Mendez v. Teachers Ins. & Annuity Ass'n*, 982 F.2d 783, 788 (2d Cir. 1992). As the Ninth Circuit has held, "the federal interpleader remedy does not shield a negligent stakeholder from tort liability for its creation of a conflict over entitlement to the interpleaded funds." *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1014 (9th Cir. 2012). Indeed, "interpleader was not intended to extinguish independent tort claims, nor intended to relieve the stakeholder from liability in excess of the stake." *Id.* at 1012. Rather, "a claimant may seek to recover all damages directly and proximately caused by the negligent stakeholder's conduct." *Id.* at 104. In other words, "a disinterested stakeholder may not be subjected to liability for its failure to resolve the controversy over entitlement to the stake in one claimant's favor, but . . . a stakeholder whose alleged tort caused the controversy is not absolved of liability by filing an interpleader action." *Id.* This exception to the general rule, however, is a narrow one. *Id.* In bringing such a

counterclaim, an interpleaded defendant must allege facts that the stakeholder's actions caused the conflict. *See id.*

In this case, the court determines that interpleader is proper under Rule 22. In its complaint and motion, except for reimbursement of the attorney fees and costs it has incurred herein, NICB claims no rights over Mr. Wagner's ESP benefits. (Compl. ¶ 40; MFI at 2-3.) Further, NICB properly alleges a good faith belief that there are or may be conflicting claims to Mr. Wagner's ESP benefits. Indeed, NICB alleges that Ms. D.R. Wagner, who now asserts rights to the benefits, at one point signed a disclaimer to those same benefits. (*See* Compl. ¶¶ 28-29.) Further, Mr. Wagner's estate and Ms. L.A. Wagner previously filed suit in state court seeking those same funds. (*Id.* ¶¶ 31-32.) Although the state court dismissed the suit, NICB alleges that subsequent correspondence with the parties indicates that "conflicting claims" continue to exist among Ms. D.R. Wagner, Ms. L.A. Wagner, Ms. L.A. Wagner as the personal representative of Mr. Wagner's estate, Mr. Wagner's estate, and Ms. D.R. Wagner's sons. (Compl. ¶¶ 37-38.) Finally, NICB, as a disinterested party, is willing to pay Mr. Wagner's ESP benefits to the proper legal beneficiary. (*Id.* ¶ 39; MFI at 2-3.) Based on these alleged facts, the court concludes that the prerequisites for interpleader under Rule 22 are met, NIB has "at least a good faith belief that there are present or prospective colorable competing claims to the stake," *see Michelman*, 685 F.3d at 884, 889, and NICB should not be exposed to "double or multiple liability" in determining the proper beneficiaries of Mr. Wagner's ESP benefits, *see* Fed. R. Civ. P. 22(a)(1).

//

Nevertheless, Ms. D.R. Wagner objects to the deposit of Mr. Wagner's ESP benefits into the court registry. (MFI Resp. at 2.) She argues that "[g]ranting [NICB's] motion to deposit the money into the court registry would result in a taxable event from the liquidation of tax-deferred employee benefit funds." (*Id.*) Rule 22 interpleader, however, does not require a "deposit" into the court's registry. *Gelfren v. Republic Nat'l Life Ins. Co.*, 680 F.2d 79, 82 (9th Cir. 1982) (concluding that "a deposit is not a jurisdictional requirement to [R]ule 22[(a)](1) interpleader . . . and thus was not required here"); *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1159 (5th Cir. 1976). "Courts, in their discretion, have found it preferable to direct the stakeholder to retain possession of the fund, subject to the court's final order." *Winz*, 2017 WL 6451802, at *3; *see also Lazar v. Charles Schwab & Co., Inc.*, No. SA CV 12-02141 BRO (ANx), 2014 WL 12547256, at *6 (C.D. Cal. Mar. 17, 2014) (concluding that a deposit was not required for dismissal where the plaintiff agreed to abide by the court's ruling and distribute the funds upon the court's determination of a proper beneficiary). Here, "NICB is willing to hold the ESP benefits in its current account for ultimate disposition by order of this [c]ourt." (MTC Resp. at 2.) The court agrees that, in this instance, it is preferable to maintain Mr. Wagner's ESP benefits in their current account subject to this court's final judgment and hereby order NICB to do so. The court also orders NICB to file an update as to the most current account balance within 14 days of the filing date of this order.

In its discretion, the court may also dismiss NICB from this action. *See Winz*, 2017 WL 6451802, at *2 ("Once the adverse parties are interpleaded to a single fund, disinterested stakeholders may be dismissed . . . .") (quoting *Bostwick*, 2015 WL

4484305, at *2). However, the court declines to do so presently. In her response to NICB's interpleader motion, Ms. D.R. Wagner asserts that she intends to bring counterclaims against NICB "for distribution of the fund at issue" and "for failure to provide ERISA plan documents." (MFI Resp. at 3.) Ms. D.R. Wagner has not yet filed an answer to NICB's interpleader complaint. (*See generally* Dkt.) Her failure to do so may be due to the recent health care crisis of her attorney's child. (*See* MFI Resp. at 3.) Accordingly, the court grants Ms. D.R. Wagner an additional 14 days from the filing date of this order to file an answer to NICB's complaint, including any counterclaims that she intends to allege. As described above, the court cautions Ms. D.R. Wagner that the type of counterclaim permitted in an interpleader action is one that does not extend to the interpleaded funds. *See Lee*, 688 F.3d at 1009. The court anticipates that counsel for Ms. D.R. Wagner will adhere to the Ninth Circuit's guidelines in this regard. If Ms. D.R. Wagner fails to file her alleged counterclaims within the 14-day period set by the court, the court will consider dismissing NICB at that time.

Finally, NICB seeks its attorney fees and expenses in bringing this action. (*See* MFI at 1, 3.) "In an interpleader action, costs and attorney's fees are generally awarded, in the discretion of the court, to the plaintiff who initiates the interpleader as a mere disinterested stakeholder." *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1497 (11th Cir. 1986) (citing *Perkins State Bank v. Connolly*, 632 F.2d 1306, 1311 (5th Cir. 1980)). However, "there is no right for the stakeholder to recover costs and attorney's fees." *Unum Life Ins. Co. of Am. v. Kaleo*, No. 6:05-CV-544-Orl-22DAB, 2006 WL 1517257, at *2 (M.D. Fla. May 24, 2006). Because the court declines to discharge NICB

due to Ms. D.R. Wagner's anticipated counterclaims, the court also denies NICB's request for fees and costs as premature. *See Ridgway*, 293 F. Supp. 3d at 1266 ("Because Plaintiff will not be discharged from this matter due to the pending bad faith Counterclaim, and because the bad faith Counterclaim remains to be resolved, the Court will deny these requests [for attorney's fees and costs] as premature"). However, nothing in this order prevents NICB from renewing its request once Ms. D.R. Wagner's anticipated counterclaims are resolved. *See id.*

## IV. CONCLUSION

Based on the foregoing analysis, the court (1) DENIES NICB's unopposed motion to be exempted from completing a joint status report but grants NICB an extension of time to respond to the court's order as detailed above (Dkt. # 15); (2) DENIES Ms. D.R. Wagner's motion to continue or to re-note NICB's motion for interpleader and dismissal (Dkt. # 17); and (3) GRANTS in part and DENIES in part NICB's motion for interpleader and dismissal as described above (Dkt. # 16). In addition, the court ORDERS (1) Ms. D.R. Wagner to file her answer to NICB's interpleader complaint and any counterclaims she may have against NICB no later than 14 days from the filing date

//

//

//

//

//

//

of this order; and (2) NICB to file an update as to the most current account balance of Mr. Wagner's ESP benefits within 14 days of the filing date of this order.

Dated this 30th day of October, 2019.

JAMES L. ROBART
United States District Judge