UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL INSURANCE CRIME BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>DESSIE RENEE WAGNER, et al.,<br><br>Defendants. | CASE NO. C19-0730JLR<br><br>AMENDED ORDER DENYING MOTION FOR SUMMARY JUDGMENT |

## I.   INTRODUCTION

Before the court is interpleader Plaintiff National Insurance Crime Bureau's ("NICB") motion for summary judgment. (Mot. (Dkt. # 29).) Defendant Dessie Renee Wagner ("Ms. D.R. Wagner"), the only Defendant who has appeared in this action, does not oppose NICB's motion. (Resp. (Dkt. # 31).) The court has considered the motion, the parties' submissions regarding the motion, the relevant portions of the record, and the

//

ORDER - 1

applicable law. Having been fully advised,[1] the court DENIES NICB's motion for summary judgment.

## II.     BACKGROUND

This matter arises out of a dispute regarding the distribution of proceeds from an employee savings plan administered by NICB following the death of Scott Laverne Wagner ("Mr. Wagner"). The court recounts the background of this case below.

Mr. Wagner was employed by NICB from February 1, 2003, through September 9, 2016. (Kruse Decl. (Dkt. # 30) ¶ 5.) During his employment, he participated in NICB's Employee Savings Plan ("ESP"). (*Id.* ¶ 6.) He designated his wife, Ms. D.R. Wagner, as the primary beneficiary of his ESP and his sons, Joseph Scott Wagner and Andrew Wesley Wagner, as contingent beneficiaries. (*Id.*)

Mr. Wagner and Ms. D.R. Wagner divorced in November 2006. (*Id.* ¶ 7, Ex. A.) On April 16, 2016, Mr. Wagner married Leslie Ann Wagner ("Ms. L.A. Wagner"). (*Id.* ¶ 8, Ex. B.) Mr. Wagner died on July 23, 2017. (*Id.* ¶ 9.) As a result of his death, his ESP benefits became payable, and both Ms. D.R. Wagner and Ms. L.A. Wagner asserted rights to the proceeds of the ESP. (*Id.* ¶ 10.)

On September 11, 2018, Ms. L.A. Wagner, as administrator of Mr. Wagner's estate, filed a lawsuit in Snohomish County Superior Court challenging Ms. D.R. Wagner's right to the ESP proceeds. (*See* Resp. Ex. 1 (Summons and Complaint, *Estate of Scott Laverne Wagner v. Dessie Renee Wagner* ("*Estate of Wagner*"), No. 18-2-08165-

---

[1] No party requests oral argument (*see* Mot., Resp.), and the court does not consider oral argument helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

31 (Snohomish Cty. Super. Sept. 11, 2018)).) Ms. L.A. Wagner alleged that Mr. Wagner's designation of Ms. D.R. Wagner as primary beneficiary was automatically revoked under Washington state law following the dissolution of Mr. Wagner's marriage to Ms. D.R. Wagner, and that the proceeds of the ESP should therefore be paid to Mr. Wagner's estate. (*Id.* ¶¶ 8-11.)

Ms. D.R. Wagner moved to dismiss Ms. L.A. Wagner's case. (Resp. Ex. 2 (Mot. to Dismiss, *Estate of Wagner* (Jan. 3, 2019)).) She argued in relevant part that the state-law provision upon which Ms. L.A. Wagner relied in her complaint was preempted by the federal Employee Retirement Income Security Act ("ERISA") and, as a result, the ESP's beneficiary designation controlled the distribution of proceeds. (*Id.* at 4-6 (citing *Kennedy v. Plan Adm'r. for Dupont Sav. and Inv. Plan*, 555 U.S. 285 (2009)).) She also argued that the estate lacked standing to proceed and that its claims were not viable even if state law controlled because the ESP was not a probate asset; that Ms. L.A. Wagner did not have standing to pursue the claims of Mr. Wagner's sons; and that Mr. Wagner's sons were necessary and indispensable parties to the action. (*Id.* at 3-4, 7.) Ms. L.A. Wagner and the estate subsequently conceded that Ms. D.R. Wagner's position regarding the beneficiary designation was correct and that it was appropriate for the lawsuit to be dismissed. (*See* Resp. Ex. 3 (Reply, *Estate of Wagner* (Jan. 9, 2019)) at Ex. 2 (email from Ms. L.A. Wagner's attorney).) Before the parties could file an agreed order of dismissal, however, the superior court granted Ms. D.R. Wagner's motion and dismissed the case with prejudice, without stating the grounds on which it found dismissal appropriate. (Resp. Ex. 4 (Order, *Estate of Wagner* (Jan. 10, 2019)).)

1    NICB filed its complaint for interpleader and declaratory relief in this court on

2    May 15, 2019.  (*See generally* Compl. (Dkt. #1).)  It named Ms. D.R. Wagner, Leslie

3    Ann Wagner (in both her individual capacity and as the personal representative of Mr.

4    Wagner's estate), Mr. Wagner's estate, Joseph Wagner, and Andrew Wagner

5    (collectively, "Defendants") as Defendants (*see id.* ¶¶ 2-7) and by May 28, 2019, it filed

6    affidavits that it had served all Defendants (*see* Affs. of Serv. (Dkt. ## 3 (Mr. Andrew

7    Wagner), 4 (Ms. L.A. Wagner as personal representative of the Estate of Mr. Scott

8    Wagner), 5 (Ms. L.A. Wagner), 6 (the Estate of Mr. Scott Wagner), 7 (Mr. Joseph

9    Wagner), 8 (Ms. D.R. Wagner))).  Of these Defendants, only Ms. D.R. Wagner has

10    appeared in this case.  (*See generally* Dkt.)

11    On August 7, 2019, NICB moved for interpleader and dismissal.  (*See generally*

12    Interpleader Mot. (Dkt. # 16).)  On October 30, 2019, the court granted NICB's motion

13    for interpleader under Federal Rule of Civil Procedure 22 but denied its request to be

14    dismissed from the case because Ms. D.R Wagner had asserted that she intended to file

15    counterclaims against NICB.  (10/30/19 Ord. (Dkt. # 20) at 10-15.)  Ms. D.R. Wagner

16    filed her answer and a counterclaim against NICB for negligence in its administration of

17    the ESP funds on November 13, 2019.  (Ans. (Dkt. # 23).)

18    NICB filed the instant motion for summary judgment on November 12, 2020.

19    (*See generally* Mot.)  It asks the court to establish Ms. D.R. Wagner as the sole

20    beneficiary of the ESP and to dismiss NICB from the case as a disinterested stakeholder.

21    (*Id.*)  NICB states that the parties reached an agreement under which Ms. D.R. Wagner

22    would file a motion for summary judgment seeking a determination of her status as ESP

1  beneficiary and in return neither party would seek fees against the other.  (Kruse Decl.
2  ¶ 17.)  "In the interest of disposing of this matter expeditiously," however, NICB "took
3  the initiative" of filing the motion.  (*Id.*)  Aside from pointing out that Ms. D.R. Wagner
4  is the only Defendant who appeared in this action, NICB does not argue that it is entitled
5  to summary judgment on the merits of Ms. D.R. Wagner's claim to the ESP proceeds, nor
6  does it argue that it is entitled to summary judgment on the merits of Ms. D.R. Wagner's
7  negligence counterclaim.  (*See generally* Mot.)  It does, however, ask the court to dismiss
8  "any and all potential and actual claims against it by any and all Defendants."  (Mot. at
9  4.)  In her response, Ms. D.R. Wagner states that she "fully agrees with the relief" sought
10 by NICB's motion and provides additional argument in support of a judgment that she is
11 the sole beneficiary of the ESP.  (Resp. at 1.)  No other Defendant has responded to
12 NICB's motion.  (*See generally* Dkt.)  No party has moved for default or for default
13 judgment against any non-appearing Defendant.  (*Id.*)

### III.   ANALYSIS

Because the parties have not followed certain procedural prerequisites for entry of judgment against the non-appearing Defendants in this interpleader action, the court denies NICB's motion for summary judgment.  The court first addresses the motion for summary judgment regarding Ms. D.R. Wagner's entitlement to the ESP proceeds before turning to NICB's request to be dismissed from this case.

**A.   Motion for Summary Judgment**

"A named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the *res* forfeits any claim of entitlement that might have been

asserted" if service was properly effected upon that defendant. *Standard Ins. Co. v. Asuncion*, 43 F. Supp. 3d 1154, 1156 (W.D. Wash. 2014) (quoting *Sun Life Assur. Co. of Canada, (U.S.) v. Conroy,* 431 F. Supp. 2d 220, 226 (D.R.I. 2006) (internal quotation marks omitted). Nevertheless, the court's rules require that the appearing parties to the interpleader action take certain steps in order to ensure the finality of the court's determination regarding the rights of those parties. *See id.* First, the non-appearing defendants must be declared in default. *See* Fed. R. Civ. P. 55(a). Second, the appearing parties must move for default judgment against the non-appearing defendants. *See* Fed. R. Civ. P. 55(b). Without the entry of default judgment as to the non-appearing defendants' entitlement to the proceeds, the appearing defendants' claims cannot be fully resolved, and the judgment entered in the case cannot fully release the insurer from liability. *See Standard Ins. Co.*, 43 F. Supp. 3d at 1156 (citing *W. Conference of Teamsters Pension Plan v. Jennings,* No. C10–3629 EDL, 2011 WL 2609858, at *3 (N.D. Cal. June 5, 2011)).

Although a district court can enter default against a non-appearing defendant on its own motion, *see* Fed. R. Civ. P. 55(a), courts generally cannot enter default judgment absent a motion from the parties, *see id.* 55(b). In rare cases, courts have entered default judgment *sua sponte* against non-appearing defendants in interpleader cases. In these cases, however, the appearing defendants were proceeding *pro se*. *See, e.g.*, *Metro. Life Ins. Co. v. Jackson*, No. 3:11-cv-967-J-34JRK, 2013 WL 3974674, at *5 (M.D. Fla. Aug. 1, 2013); *Occidental Life Ins. Co. of N. Carolina v. Ligon*, No. 1:17-CV-02403-ELR, 2018 WL 9814655, at *1 (N.D. Ga. July 24, 2018); *BBVA USA Bancshares, Inc. v.*

*Bandy*, No. 2:19-CV-01548-SGC, 2020 WL 3104594, at *3 (N.D. Ala. June 11, 2020). In *Metro. Life Ins. Co.* and *BBVA USA Bancshares*, the courts expressly found the fact that the appearing defendants were *pro se* to be an important factor in determining that it was appropriate to enter default judgment *sua sponte*. *See Metro. Life Ins. Co.*, 2013 WL 3974674, at *5; *BBVA USA Bancshares, Inc.*, 2020 WL 3104594, at *4.

In contrast, in *Sun Life Assurance Co. v. Kimble*, No. CIV-S-06-2041 EFB, 2007 WL 3313448, at *1 (E.D. Cal. Nov. 6, 2007), the appearing defendant was represented by counsel. In that case, default against a non-appearing defendant was entered on the interpleader plaintiff's motion and the court then dismissed the interpleader plaintiff from the action. *Id.* The court directed the appearing defendant, who was represented by counsel, to move for entry of default judgment against the non-appearing defendant in order to "ensure that no outstanding claims remain after judgment is entered in this interpleader action." *See id.* at *2. Similarly, in *Standard Ins. Co.*, 43 F. Supp. 3d at 1156, the court did not enter default judgment *sua sponte* but instead directed the appearing *pro se* defendants (who had applied for, and been granted, default) to file motions for default judgment against the non-appearing defendants to establish their entitlement to the disputed benefits.

Here, NICB's motion for summary judgment regarding Ms. D.R. Wagner's sole entitlement to the ESP proceeds relies solely on the fact that no other Defendant has appeared in this case. (*See* Mot. at 5.) Neither party, however, has moved for default or for default judgment against the non-appearing Defendants. (*See generally* Dkt.) Absent entry of default and default judgment against the non-appearing Defendants, NICB's

motion for summary judgment will not satisfy the parties' desire to fully and finally adjudicate the rights of all parties.  *See Standard Ins. Co.*, 43 F. Supp. 3d at 1156.  Therefore, the court DENIES NICB's motion for summary judgment.

In the interest of moving this case toward finality, the court will enter default against the non-appearing Defendants for failure to plead or otherwise defend pursuant to Federal Rule of Civil Procedure 55(a) and Local Rules W.D. Wash. LCR 55(a).  (*See* Affs. of Serv. (Dkt. ## 3-7); *see generally* Dkt.)  Because Ms. D.R. Wagner is represented by counsel, however, the court follows the approach of *Sun Life Assurance Co.* and directs Ms. D.R. Wagner to file a motion for default judgment against the non-appearing Defendants that establishes her right to the ESP proceeds pursuant to Federal Rule of Civil Procedure 55(b) and Local Rules W.D. Wash. LCR 55(b).  *See* 2007 WL 3313448, at *1.

### B.   NICB's Request for Dismissal

The "primary purpose" of an interpleader action is to protect disinterested stakeholders from multiple liability and the expense of several lawsuits.  *See Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000).  There are two steps to an interpleader action.  *Lincoln Nat'l Life Ins. Co. v. Ridgway*, 293 F. Supp. 3d 1254, 1260 (W.D. Wash. 2018).  The first is to determine whether the requirements of interpleader are met.  *Id.*  The second is to adjudicate the adverse claims of the defendant claimants.  *Id.*  "Once the adverse parties are interpleaded to a single fund, disinterested stakeholders may be dismissed, and courts may issue injunctions to protect stakeholders from duplicative litigation from the adverse parties."  *N.Y. Life Ins. Co. v. Bostwick*, No.

1  C14-5931RJB, 2015 WL 4484305, at *2 (W.D. Wash. July 22, 2015).  If the interpleader

2  action is brought under Federal Rule of Civil Procedure 22, the court may dismiss the

3  stakeholder subject to disposition of the property in the manner directed by the court.

4  *Gelfgren v. Republic Nat'l Life Ins. Co.*, 680 F.2d 79, 81-82 (9th Cir. 1982).

5       In its prior order, the court determined that NICB met the interpleader

6  requirements of Rule 22 but declined to dismiss it from the case because Ms. D.R.

7  Wagner represented that she intended to assert counterclaims.  (10/30/19 Ord. at 13-16.)

8  Ms. D.R. Wagner has since alleged a counterclaim for negligence against NICB.  (*See*

9  Ans. ¶¶ 58-73.)  Although Ms. D.R. Wagner states in her response to NICB's motion that

10 she "fully agrees" with the relief NICB seeks, she does not expressly state that she seeks

11 to dismiss her counterclaim, and the court cannot determine from the parties' briefing

12 whether or not Ms. D.R. Wagner's agreement with NICB's requested relief is contingent

13 upon the court granting NICB's motion in its entirety.  (*See generally* Mot., Resp.)  As a

14 result, the court denies without prejudice NICB's request to be dismissed from this case.

15 If Ms. D.R. Wagner seeks to voluntarily dismiss her counterclaim, she must follow the

16 procedures set forth in Federal Rule of Civil Procedure 41.

17                               **III.   CONCLUSION**

18      For the foregoing reasons, the court orders as follows:

19      1.     The court DENIES NICB's motion for summary judgment (Dkt. # 29).

20      2.     The court DIRECTS the Clerk to enter default pursuant to Federal Rule of

21 Civil Procedure 55(a) and Local Rules W.D. Wash. LCR 55(a) against Defendants Leslie

22 Ann Wagner, the Estate of Scott Laverne Wagner, Joseph Scott Wagner, and Andrew

1 | Wesley Wagner, for failure to plead or otherwise defend as provided by the Federal Rules
2 | of Civil Procedure.
3 |      3.    The court DIRECTS Ms. D.R. Wagner to file a motion for default
4 | judgment establishing her right to the ESP proceeds as against the non-appearing
5 | Defendants within ten (10) days of entry of this order.

     Dated this 19th day of January, 2021.

JAMES L. ROBART
United States District Judge