UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL INSURANCE CRIME BUREAU,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>DESSIE RENEE WAGNER, et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. C19-0730JLR<br><br>ORDER GRANTING MOTION FOR DEFAULT JUDGMENT |

## I.　INTRODUCTION

Before the court is Defendant Dessie Renee Wagner's ("Ms. D.R. Wagner") motion for entry of default judgment against Defendants the Estate of Scott Laverne Wagner; Leslie Ann Wagner (in both her individual capacity and as the personal representative of Mr. Wagner's estate) ("Ms. L.A. Wagner"); and Mr. Wagner's adult sons, Joseph Scott Wagner and Andrew Wesley Wagner (collectively, "Defendants"). (Mot. (Dkt. # 35).)  No party has opposed Ms. D.R. Wagner's motion.  (*See generally*

1  Dkt.)  Having reviewed the motion, the balance of the record, and the applicable law, the
2  court GRANTS Ms. D.R. Wagner's motion for entry of default judgment.

## II.   BACKGROUND

This matter arises out of a dispute regarding the distribution of proceeds from an employee savings plan ("ESP") administered by Plaintiff-in-interpleader National Insurance Crime Bureau ("NICB") following the death of Mr. Wagner, its former employee.  The court discussed in detail the factual and procedural background of this case in its January 19, 2021 order denying NICB's motion for summary judgment.  (*See* 1/19/21 Order (Dkt. # 33) at 2-5.)  Therefore, the court sets forth only the facts most relevant to Ms. D.R. Wagner's current motion below.

NICB employed Mr. Wagner from February 1, 2003, through September 9, 2016.  (Kruse Decl. (Dkt. # 30) ¶ 5.)  During his employment, Mr. Wagner participated in NICB's ESP.  (*Id.* ¶ 6.)  The ESP is an employee benefit plan under the Employee Retirement Income Security Act of 1974 ("ERISA").  (Mot. at 2 (citing 29 U.S.C. §§ 1002(1), 1002(2) & 1003(a)).)  Mr. Wagner designated his wife, Ms. D.R. Wagner, as the primary beneficiary of his ESP and his sons, Joseph Wagner and Andrew Wagner, as contingent beneficiaries.  (Kruse Decl. ¶ 6; *see also* Mot. Ex. 5 (beneficiary designation form).)

Mr. Wagner and Ms. D.R. Wagner divorced in November 2006.  (Kruse Decl. ¶ 7, Ex. A.)  On April 16, 2016, Mr. Wagner married Ms. L.A. Wagner.  (*Id.* ¶ 8, Ex. B.)  Mr. Wagner, however, did not change the beneficiary designation on his ESP.  (*See* Mot. at 2.)  Mr. Wagner died on July 23, 2017.  (Kruse Decl. ¶ 9, Ex. C (Mr. Wagner's death

certificate)).) As a result of his death, his ESP benefits became payable, and both Ms. D.R. Wagner and Ms. L.A. Wagner asserted rights to the proceeds of the ESP.  (*Id.* ¶ 10.)

On September 11, 2018, Ms. L.A. Wagner, as administrator of Mr. Wagner's estate, filed a lawsuit in Snohomish County Superior Court challenging Ms. D.R. Wagner's right to the ESP proceeds.  (*See* Mot. Ex. 1.)  That litigation ended when the superior court granted Ms. D.R. Wagner's motion to dismiss the case with prejudice. (*See* Mot. Ex. 4; *see also* 1/19/21 Order at 2-3 (describing the Snohomish County Superior Court proceedings).)

On May 15, 2019, NICB filed its complaint for interpleader and declaratory relief in this court.  (*See generally* Compl. (Dkt. #1).)  It named Ms. D.R. Wagner, Ms. L.A. Wagner (in both her individual capacity and as the personal representative of Mr. Wagner's estate), Mr. Wagner's estate, Joseph Wagner, and Andrew Wagner as Defendants.  (*See id.* ¶¶ 2-7.)  By May 28, 2019, NICB had filed affidavits that it had served all Defendants.  (*See* Affs. of Serv. (Dkt. ## 3 (Mr. Andrew Wagner), 4 (Ms. L.A. Wagner as personal representative of the Estate of Mr. Scott Wagner), 5 (Ms. L.A. Wagner), 6 (the Estate of Mr. Scott Wagner), 7 (Mr. Joseph Wagner), 8 (Ms. D.R. Wagner)).)  Of these Defendants, only Ms. D.R. Wagner has appeared in this case.  (*See generally* Dkt.)

On October 30, 2019, the court granted NICB's motion for interpleader under Federal Rule of Civil Procedure 22 but denied its request to be dismissed from the case because Ms. D.R. Wagner had asserted that she intended to file counterclaims against NICB.  (10/30/19 Ord. (Dkt. # 20) at 10-15.)  The court also denied NICB's request to

ORDER - 3

deposit the ESP proceeds in the court's registry. (*See id.*) On November 13, 2019, Ms. D.R. Wagner filed her answer and asserted counterclaims against NICB for negligence in its administration of the ESP funds and for violations of ERISA. (*See generally* Answer (Dkt. # 23).)

NICB moved for summary judgment on November 12, 2020. (MSJ (Dkt. # 29).) It asked the court to establish Ms. D.R. Wagner as the sole beneficiary of the ESP and to dismiss NICB from the case as a disinterested stakeholder. (*Id.*) On January 19, 2020, the court denied NICB's motion. (*See* 1/19/21 Order.) Because no party had moved for default against the non-appearing Defendants, the court directed the Clerk to enter default pursuant to Federal Rule of Civil Procedure 55(a) and Local Rules W.D. Wash. LCR 55(a) against Ms. L.A. Wagner, the Estate of Mr. Wagner, Mr. Joseph Wagner, and Mr. Andrew Wagner, for failure to plead or otherwise defend. (*Id.* at 9-10.) The court further directed Ms. D.R. Wagner to file a motion for default judgment against the non-appearing Defendants that established her right to the ESP proceeds pursuant to Federal Rule of Civil Procedure 55(b) and Local Rules W.D. Wash. LCR 55(b). (*Id.* at 8, 10.) The court also denied NICB's request to be dismissed from this case as a disinterested stakeholder because Ms. D.R. Wagner's counterclaim for negligence was still operative. (*See id.* at 8-9.) On January 22, 2021, the Clerk entered default against the non-appearing Defendants. (1/22/21 Order (Dkt. # 34).)

### III.   ANALYSIS

Ms. D.R. Wagner now moves for default judgment against the defaulted Defendants. (*See generally* Mot.) She seeks an order designating her as the sole

beneficiary of Mr. Wagner's ESP.  (*See id.*)  The court begins by considering Ms. D.R. Wagner's motion for default judgment, and then addresses the remaining procedural matters in this case.

**A.     Motion for Default Judgment**

"'A named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted' if service was properly effected upon them."  *Standard Ins. Co. v. Asuncion*, 43 F. Supp. 3d 1154, 1156 (W.D. Wash. 2014) (quoting *Sun Life Assur. Co. of Canada, (U.S.) v. Conroy,* 431 F. Supp. 2d 220, 226 (D.R.I. 2006)).  Accordingly, the court may, in its discretion, grant default judgment against the non-appearing interpleader defendants where the remaining claimants demonstrate their entitlement to the funds and do not dispute the respective distributions.  *Id.* (citing *Cripps v. Life Ins. Co. of N. Am.,* 980 F.2d 1261, 1267 (9th Cir. 1992) & *Nationwide Mutual Fire Ins. Co. v. Eason,* 736 F.2d 130, 133 n.6 (4th Cir. 1984)).

In exercising this discretion, the court considers the following factors:  (1) the possibility of prejudice to the moving party if relief is denied; (2) the merits of the moving party's substantive claim; (3) the sufficiency of the claims raised in the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *see Asuncion*, 43 F. Supp. 3d at 1156 (applying the *Eitel* factors to a motion for default judgment filed by a co-defendant in an interpleader case); *Sun Life*

*Assur. Co. of Canada v. Wheeler*, No. C19-0364JLR, 2020 WL 433352, at *3-5 (W.D. Wash. Jan. 28, 2020) (same). The court finds that the *Eitel* factors weigh in favor of granting Ms. D.R. Wagner's motion for default judgment. The court reviews each factor below.

        1.        <u>The Possibility of Prejudice</u>

In interpleader cases, the possibility of prejudice to the moving defendant and to the plaintiff-in-interpleader are both relevant. *See Asuncion*, 43 F. Supp. 3d at 1156. "[P]rejudice exists where the plaintiff has no recourse for recovery other than default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (citation and internal quotation marks omitted). Here, both Ms. D.R. Wagner and NICB would suffer prejudice without a resolution of the competing claims to the ESP proceeds. Without entry of default judgment as to the non-appearing Defendants' entitlement to the ESP proceeds, Ms. D.R. Wagner would have no other recourse for establishing her right to the proceeds, and NICB would not be able to fully and finally resolve Ms. D.R. Wagner's claim and be released from liability. *See Asuncion*, 43 F. Supp. 3d at 1156. Thus, the first factor weighs in favor of the entry of default judgment.

        2.        <u>The Substantive Merits of the Claim and Sufficiency of the Complaint</u>

The second and third factors consider whether the moving party has a viable claim. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). Ms. D.R. Wagner bases her claim to the ESP proceeds on her status as the sole named primary beneficiary of the plan. (*See generally* Mot.) Ms. L.A. Wagner had argued in

the Snohomish County proceedings that Mr. Wagner's designation of Ms. D.R. Wagner as beneficiary was revoked upon the dissolution of their marriage under RCW 11.07.010. (*See* 1/19/21 Order at 2-3 (describing the Snohomish County proceedings).) As Ms. D.R. Wagner correctly argues, however, ERISA expressly preempts RCW 11.07.010. *See Egelhoff v. Egelhoff*, 532 U.S. 141, 146 (2001). As a result, RCW 11.07.010 does not invalidate Mr. Wagner's designation of Ms. D.R. Wagner as primary beneficiary of the ESP. The court concludes that Ms. D.R. Wagner's claim to the ESP proceeds is viable.

3. The Sum of Money at Stake in the Action

In general, the fourth factor considers whether the amount of money requested is proportional to the harm caused. *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). This factor, however, is neutral in interpleader actions. *See Asuncion*, 43 F. Supp. 3d at 1156; *W. Conf. of Teamsters Pension Plan v. Jennings*, No. C-10-03629 EDL, 2011 WL 2609858, at *3 (N.D. Cal. Jun. 6, 2011). Therefore, the amount of money at stake weighs neither for nor against the entry of default judgment in this interpleader case.

4. Possible Dispute Concerning Material Facts

The fifth *Eitel* factor considers the possibility of a dispute as to any material facts in the case. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Ms. Wagner, the only defendant to appear in this case, has admitted the relevant facts. (*See generally* Answer.) Thus, this factor also weighs in favor of default judgment.

1       5.    <u>Whether Default was Due to Excusable Neglect</u>

2       The sixth factor "considers the possibility that the default resulted from excusable

3 neglect." *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. There is no evidence here of

4 excusable neglect. All of the defaulted Defendants were served, but none have since

5 responded in any way. (*See generally* Dkt.); *see also Asuncion*, 43 F. Supp. 3d at 1157

6 ("[B]y virtue of her absence, [the defendant] has failed to provide the [c]ourt with any

7 excuse for her failure to answer or otherwise defend[.]"). Thus, this factor favors default

8 judgment.

9       6.    <u>The Policy Favoring Decisions on the Merits</u>

10       Although "[c]ases should be decided upon their merits whenever reasonably

11 possible," this factor is not dispositive. *Eitel*, 782 F.2d at 1472. Indeed, when a party

12 fails to appear, it becomes "impractical, if not impossible to reach a decision on the

13 merits." *Asuncion*, 43 F. Supp. 3d at 1157. Thus, this factor weighs against default

14 judgment but does not preclude it.

15       7.    <u>Summary</u>

16       In sum, the balance of the *Eitel* factors weighs heavily in favor of default

17 judgment. Therefore, the court grants Ms. D.R. Wagner's motion for default judgment

18 against the defaulted Defendants.

19 **B. Procedural Matters**

20       Because the court grants Ms. D.R. Wagner's motion for default judgment against

21 the defaulted Defendants, the only claims remaining in this case are Ms. D.R. Wagner's

22 counterclaims against NICB for negligence and for violations of ERISA. (*See* Answer at

5-9; *see also* 1/19/21 Order at 8-9 (declining to dismiss NICB as a disinterested stakeholder because Ms. D.R. Wagner had asserted counterclaims against it).)

Trial in this case is set for March 8, 2021. (Sch. Order (Dkt. # 27).) The court notes that no party filed motions *in limine* before the January 25, 2021, deadline set in its scheduling order. (*See id.*; *see generally* Dkt.) Thus, it is unclear to the court whether the parties intend to proceed to trial on Ms. D.R. Wagner's counterclaims. Accordingly, the court ORDERS the parties to file either a joint status report confirming their intent to proceed to trial on March 8, 2021 or a stipulation of dismissal of the counterclaims pursuant to Federal Rule of Civil Procedure 41 by no later than five (5) court days from the filing date of this order.

## IV. CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

1. The court GRANTS Ms. D.R. Wagner's motion for entry of default judgment (Dkt. # 35) against Defendants Leslie Ann Wagner, the Estate of Scott Laverne Wagner, Joseph Scott Wagner, and Andrew Wesley Wagner. Ms. D.R. Wagner is the sole beneficiary of the Employee Savings Plan at issue in this matter.

2. The court ORDERS the parties to submit, within five (5) court days of entry of this order, either a joint status report confirming their intent to proceed to trial on March 8, 2021 or a stipulation of dismissal of Ms. D.R. Wagner's counterclaims pursuant to Federal Rule of Civil Procedure 41.

//

//

Dated this 2nd day of February, 2021.

JAMES L. ROBART
United States District Judge

ORDER - 10